IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE LEE BROWN, JR.,            :

    Petitioner,               :
                              CIVIL ACTION 10-0586-KD-M
v.                                :
                         CRIMINAL ACTION 06-00258-KD-M
UNITED STATES OF AMERICA,         :

    Respondent.               :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 36, 38). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Docs. 36, 38) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Willie Lee Brown, Jr.

Petitioner was indicted on November 28, 2006 for one count of conspiring to unlawfully distribute crack cocaine in violation of 21 U.S.C. § 846 and four counts of knowingly and

1

intentionally possessing, with intent to distribute, crack

cocaine in violation of 21 U.S.C. § 841(a)(1) (Doc. 1).  On

September 24, 2008, Brown entered into a plea agreement in which

he pled guilty to one count of knowingly possessing, with the

intent to distribute, crack (Doc. 20).  On December 3, 2009,

United States District Judge DuBose sentenced Petitioner to six

years on the conviction as well as four years of supervised

release following his release from prison, and an assessment of

one hundred dollars (Doc. 35).  Brown did not appeal either the

conviction or his sentence (*see* Doc. 36, pp. 1-2).

Petitioner filed his Motion to Vacate, Set Aside, or

Correct Sentence under 28 U.S.C. § 2255 on October 6, 2010 in

which he raised particular claims of ineffective assistance that

his attorney failed to:  (1) object when the Court did not apply

*Kimbrough v. United States* in sentencing him; (2) properly

prepare for the case; and (3) file a appeal on his behalf (Doc.

36).[1]  On November 24, Petitioner filed a Supplement in which he

requested that the Court take judicial notice of the 2010 Fair

Sentencing Act which modified guidelines to recommend shorter

sentences for crack offense (Doc. 38).  Respondent filed a

---

[1]The Court notes that Brown originally raised another particular
claim that his attorney failed to object to the Court's upward
departure in sentencing him (Doc. 36, p. 4); Petitioner has since
dropped this claim from consideration (Doc. 43, p. 1).

response on December 8, 2010 (Doc. 42) to which Petitioner

replied (Doc. 43).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the

United States Supreme Court defined the showing a habeas

petitioner must make to prevail on an ineffective assistance

claim:

> First, the defendant must show that
> counsel's performance was deficient.  This
> requires showing that counsel made errors so
> serious that counsel was not functioning as
> the "counsel" guaranteed the defendant by
> the sixth amendment.  Second, the defendant
> must show that the deficient performance
> prejudiced the defense.  This requires
> showing that counsel's errors were so
> serious as to deprive the defendant of a
> fair trial, a trial whose result is
> reliable.  Unless a defendant makes both
> showings, it cannot be said that the
> conviction . . . resulted from a breakdown
> in the adversary process that renders the
> result unreliable.

*Id*. at 687.

Brown first claims that his attorney rendered ineffective

assistance in that he failed to object when the Court did not

apply *Kimbrough v. United States*, 552 U.S. 85 (2007) in

sentencing him (Doc. 36, p. 4).  As stated by Respondent, the

*Kimbrough* "Court held that district courts have the discretion

to vary from the federal sentencing guidelines governing crack

cocaine offenses if those guidelines result in a sentence greater than necessary to achieve the statutory purposes of sentencing under 18 U.S.C. § 3553(a)" (Doc. 42, p. 4); *cf. Kimbrough*, 552 U.S. at 91.

In this action, it is noted that Judge DuBose found that Petitioner's sentencing guideline range was 168 to 210 months (*see* Doc. 41, pp. 54-55).[2] The Judge, however, stating that this "way over represents [Brown's] criminal history," noted the five-year mandatory minimum before sentencing Brown to six years in prison; Dubose very clearly stated that this was "a variance from the guidelines" (*id.* at p. 60).

The Court finds no merit in Petitioner's claim in that the Court availed itself of the *Kimbrough* holding in sentencing Brown to eight years less than the recommended minimum sentence of fourteen years. Petitioner has not suffered ineffectiveness of counsel in this regard.

Brown next claims that his attorney was ineffective in that he did not properly prepare for the case. Petitioner more particularly states that his lawyer "only met with [him] a couple of times for short periods. [His] attorney did not discuss the facts of the case with [him]. [His] attorney did

---

[2]The Court is using the Adobe Acrobat pagination system rather than that of the Court Reporter transcribing the hearing.

not explain or discuss the Government's case or [his] defense. [His] attorney did not discuss the sentencing guidelines, enhancements or grounds for appeal" (Doc. 36, p. 4).

Even if the Court accepted Petitioner's assertions as true, Brown has failed to show how he was prejudiced by his attorney's deficiencies. As such, the Court finds that Petitioner has failed to satisfy the requirements of *Strickland*.

Brown has also claimed that his attorney rendered ineffective assistance in that he did not file a appeal on his behalf. Petitioner more particularly asserts that his attorney told him there were no issues for appeal (Doc. 36, p. 5). Brown has further asserted that if he had been properly informed, he would have insisted on an appeal to keep his "case open to take advantage of any changes in the law" (Doc. 43, p. 2).

Petitioner has failed to state what particular claims could—and should—have been raised on appeal. A general assertion that claims could have been raised does not satisfy his *Strickland* burden of proving that he has been prejudiced.

Finally, Brown has asserted that the Court should take judicial notice of the 2010 Fair Sentencing Act (hereinafter *FSA*) (Doc. 38). The Court notes that the FSA, which amended the sentencing provisions for crack cocaine, was signed into law on August 3, 2010 and specifically states that it was not to be

applied retroactively.  *United States v. Gomes*, 621 F.3d 1343,

1346 (11th Cir. 2010) (*citing* 1 U.S.C. § 109).  As Petitioner was

sentenced on December 3, 2009, the FSA is not applicable to his

sentence under *Gomes*.

Brown has raised two claims in this petition.  Both are

without merit.  Therefore, it is recommended that the petition

be denied (Docs. 36, 38), that this action be dismissed, and

that judgment be entered in favor of Respondent, the United

States of America, and against Petitioner Willie Lee Brown, Jr.

Furthermore, pursuant to Rule 11(a) of the Rules Governing

§ 2254 Cases, the undersigned recommends that a certificate of

appealability (hereinafter *COA*) in this case be denied.  28

U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue

or deny a certificate of appealability when it enters a final

order adverse to the applicant.").  The habeas corpus statute

makes clear that an applicant is entitled to appeal a district

court's denial of his habeas corpus petition only where a

circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).

A COA may issue only where "the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  Inasmuch as the Court has found that Brown has

failed to assert sufficient facts to support a claim of

constitutional error, "[t]he petitioner must demonstrate that

reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000). It is suggested that Brown

will not be able to make that showing.

## CONCLUSION

The undrsigned recommends that Brown's petition for writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.

It is further recommended that Petitioner is not entitled to a

certificate of appealability and, therefore, not entitled to

appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or
anything in it must, within ten days of the date of service of
this document, file specific written objections with the clerk
of court. Failure to do so will bar a de novo determination by
the district judge of anything in the recommendation and will
bar an attack, on appeal, of the factual findings of the
magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*,
855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677
F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for
challenging the findings and recommendations of the magistrate
judge is set out in more detail in SD ALA LR 72.4 (June 1,
1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days after being served

with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.  **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

   DONE this 5th day of April, 2011.


                         s/BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE